## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCUS CAMERON | : | CIVIL ACTION No. 3:21CV0165(KAD) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN STEBBINS, | : | |
| STEPHEN SAMSON, JOHN DOE, | : | |
| BRYAN NOLAN, MARK SQUIRES, | : | |
| ENFIELD POLICE DEPARTMENT, | : | |
| STATE OF CONNECTICUT, | : | |
| CONNECTICUT STATE POLICE, | : | |
| AND TOWN OF ENFIELD | : | |
| *Defendants* | : | October 8, 2021 |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Steven Stebbins, in his individual and official capacities, hereby submits the following as his Answer and Affirmative Defenses to the Plaintiff's Complaint dated February 9, 2021.

## ANSWER

### Introduction

Defendant denies the allegations in the unnumbered paragraph titled "Introduction" to the extent it applies to Defendant.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in this paragraph and leaves Plaintiff to his proof.

### Parties

1. As to Paragraph 1, Defendant denies that Plaintiff was a resident of the Commonwealth of Massachusetts "at all times referred to in this complaint."  Defendant lacks knowledge

or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 1 and leaves Plaintiff to his proof.

2.  As to Paragraph 2, Defendant admits with clarification that he is a natural person who is a resident of the State of Connecticut and that he was employed as a State Trooper with the Connecticut State Police in 2018.

3.  As to Paragraph 3, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

4.  As to Paragraph 4, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

5.  As to Paragraph 5, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

6.  As to Paragraph 6, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

7.  As to Paragraph 7, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

8.  As to Paragraph 8, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

9.  Defendant admits the allegations in Paragraph 9.

10. As to Paragraph 10, Defendant denies that he has been properly sued in his individual and official capacity. Defendant lacks knowledge or information to form a belief as to the remainder of the allegations in Paragraph 10 and leaves Plaintiff to his proof.

11. As to Paragraph 11, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

12. As to Paragraph 12, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

13. Defendant denies the allegation in Paragraph 13 to the extent it alleges that "at all times referred to in this complaint" he was "acting under color of state law."  Defendant lacks knowledge or information sufficient to form a belief about the truth of this remainder of the allegations in Paragraph 13 and leaves Plaintiff to his proof.

14. Defendant denies the allegations in Paragraph 14.

**Jurisdiction**

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

**Venue**

17. Defendant denies the allegations in Paragraph 17.

**Factual Allegations**

18. As to Paragraph 18, Defendant admits that on May 22, 2018, Plaintiff lived at 49 Foxcroft Road in Enfield, Connecticut.  Defendant admits that on May 22, 2018, Defendant lived at 44 Foxcroft Road in Enfield, Connecticut.  Defendant denies the remainder of the allegations in Paragraph 18 as written.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. As to Paragraph 21, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff "had enough concern."  Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff "works as a probation officer in Massachusetts."  Defendant denies the remainder of the allegations in Paragraph 21.

22. As to Paragraph 22, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

23. As to Paragraph 23, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

24. As to Paragraph 24, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. As to Paragraph 27, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

28. As to Paragraph 28, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

29. As to Paragraph 29, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

30. As to Paragraph 30, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

31. As to Paragraph 31, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

32. As to Paragraph 32, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. As to Paragraph 35, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

36. As to Paragraph 36, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

37. As to Paragraph 37, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

38. Defendant denies the allegations in Paragraph 38.

39. As to Paragraph 39, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

40. As to Paragraph 40, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

41. As to Paragraph 41, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and leaves Plaintiff to his proof.

42. Defendant denies the allegations in Paragraph 42.

    42a.  Defendant denies the allegations in sub-paragraph 42a.

    42b.  As to sub-paragraph 42b, Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation and leaves Plaintiff to his proof.

    42c.  As to sub-paragraph 42c, Defendant lacks knowledge or information sufficient to form a belief as to whether "In one message left to plaintiff's boss, defendant Samson forgot to hang up the telephone."  Defendant denies the remaining allegations in paragraph 42c.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. As to Paragraph 46, Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation and leaves Plaintiff to his proof.

47. As to Paragraph 47, Defendant denies that he "worked with" the defendant Samson "to retaliate against plaintiff for filing his complaint against defendant Stebbins."  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 47 and leaves Plaintiff to his proof.

48. As to Paragraph 48, Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation and leaves Plaintiff to his proof.

49. Defendant denies the allegations in Paragraph 49.

50. As to Paragraph 50, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proof.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. As to Paragraph 53, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proof.

54. As to Paragraph 54, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proof.

55. Defendant denies the allegations in Paragraph 55.

56. As to Paragraph 56, Defendant admits only that he applied for an ex parte Civil Protection Order against Plaintiff, and that an Order of Protection was signed by Judge Sheridan on November 13, 2018.  Defendant denies that on November 13, 2018 he filed "a restraining order (ex parte)" against Plaintiff.

57. Defendant denies the allegations in Paragraph 57.

58. As to Paragraph 58, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proof.

59. As to Paragraph 59, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leave Plaintiff to his proof.

60. As to Paragraph 60, Defendant denies that he had a goal to have Plaintiff suspended from his position.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 60 and leaves Plaintiff to his proof.

61. As to Paragraph 61, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proof.

62. Defendant denies the allegations in Paragraph 62.

63. As to Paragraph 63, Defendant denies that he "worked with" Defendant Samson "to intimidate and harass plaintiff."  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 63 and leaves Plaintiff to his proof.

64. Defendant denies the allegations in Paragraph 64.

65. As to Paragraph 65, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proof.

66. As to Paragraph 66, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proof.

67. As to Paragraph 67, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proof.

68. As to Paragraph 68, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proof.

69. As to Paragraph 69, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proof.

## Count I – Violation of 42 U.S.C. § 1983

70. Defendant reasserts, restates, and incorporates by reference his responses to paragraphs 1 through 69 of the Complaint, as if fully set forth in this Count One of the Complaint.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

## Count II – Violations of 42 U.S.C. § 1983 – Excessive Force

73.  Defendant reasserts, restates, and incorporates by reference his responses to paragraphs 1 through 72 of the Complaint, as if fully set forth in this Count Two of the Complaint.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

## Count III – Violation of 42 U.S.C. § 1983 – Failure to Recruit, Train, Discipline and Supervise (Town of Enfield, Enfield Police Department, State of Connecticut and Connecticut State Police)

76. Defendant reasserts, restates, and incorporates by reference his responses to paragraphs 1 through 75 of the Complaint, as if fully set forth in this Count Three of the Complaint.

77. As to Paragraph 77, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proof.

78. As to Paragraph 78, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proof.

79. As to Paragraph 79, Defendant denies the allegations of Paragraph 79 to the extent they pertain to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 79 and leaves Plaintiff to his proof.

80. As to Paragraph 80, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proof.

81. Defendant denies the allegations in Paragraph 81.

**Count IV – Violation of 42 U.S.C. § 1983 (State of Connecticut and Town of Enfield)**

82. Defendant reasserts, restates, and incorporates by reference his responses to paragraphs 1 through 81 of the Complaint, as if fully set forth in this Count Four of the Complaint.

83. As to Paragraph 83, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proof.

84. As to Paragraph 84, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proof.

85. As to Paragraph 85, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proof.

86. As to Paragraph 86, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proof.

87. Defendant denies the allegations in Paragraph 87.

**Count V – Defamation Per Se (Stebbins, Nolan, Squires and Enfield Police Department)**

88. Defendant reasserts, restates, and incorporates by reference his responses to paragraphs 1 through 87 of the Complaint, as if fully set forth in this Count Five of the Complaint.

89. Defendant denies the allegations in Paragraph 89.

90. Defendant denies the allegations in Paragraph 90.

91. Defendant denies the allegations in Paragraph 91.

92. As to Paragraph 92, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proof.

93. Defendant denies the allegations in Paragraph 93.

94. As to Paragraph 94, Defendant admits only that Plaintiff was charged with Stalking 3rd Degree pursuant to Conn. Gen. Stat. § 53a-181e.  Defendant denies that he made "false accusations."  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 94 and leaves Plaintiff to his proof.

95. As to Paragraph 95, Defendant denies that he made false statements.  As to the remainder of the allegations in Paragraph 95, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proof.

96. As to Paragraph 96, Defendant denies that he made false statements.  As to the remainder of the allegations in Paragraph 96, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proof.

97. Defendant denies the allegations in Paragraph 97.

98. Defendant denies the allegations in Paragraph 98.

**Request for Relief**

Defendant denies Plaintiff's prayer for judgment, including all subsections (a) through (e).

## **AFFIRMATIVE DEFENSES**

Pursuant to Rules 7 and 12 of the Federal Rules of Civil Procedure, Defendant raises the following affirmative defenses to the allegations contained in the Complaint:

### First Affirmative Defense

Plaintiff fails to state a claim against Defendant for which relief may be granted.

### Second Affirmative Defense

Defendant is entitled to qualified immunity because his conduct did not violate Plaintiff's clearly established constitutional rights, and even if it did, it was objectively reasonable for Defendant to believe that his conduct did not violate those rights.

### Third Affirmative Defense

Defendant is not liable pursuant to the good faith defense in that he relied on existing law, legal precedent, the Connecticut State Police, other Connecticut state troopers, the Town of Enfield, the Enfield police department and/or Enfield police officers.

### Fourth Affirmative Defense

Defendant is protected by absolute immunity and/or absolute privilege for his statements.

### Fifth Affirmative Defense

Defendant is protected by qualified immunity and/or qualified privilege for his statements.

### Sixth Affirmative Defense

Defendant's statements were truthful and/or justified.

### Seventh Affirmative Defense

Defendant is entitled to immunity as a witness and/or as a complaining witness.

### Eighth Affirmative Defense

Plaintiff's defamation *per se* claim is barred by the two-year statute of limitations set forth in Conn. Gen. Stat. § 52-597.

### Ninth Affirmative Defense

Service of process was insufficient and the Court lacks personal jurisdiction over Defendant because Plaintiff failed to properly serve Defendant as an individual, and Plaintiff failed to properly serve Defendant in his official capacity as a state employee.

### Tenth Affirmative Defense

To the extent Plaintiff asserts federal claims against Defendant in his official capacity, Plaintiff's claims are barred by the Eleventh Amendment.

### Eleventh Affirmative Defense

To the extent Plaintiff asserts state law claims against Defendant in his official capacity, Plaintiff's claims are barred by sovereign immunity.

### Twelfth Affirmative Defense

To the extent Plaintiff asserts state law claims against Defendant in his individual capacity, Plaintiff's claims are barred by Conn. Gen. Stat. § 4-165.

### Thirteenth Affirmative Defense

Res Judicata/Collateral Estoppel: issues that were decided in connection with the criminal case against Plaintiff have preclusive effect in this action.

### Fourteenth Affirmative Defense

Any injuries, losses or damages that Plaintiff may have incurred as alleged in his Complaint, were directly or proximately caused by Plaintiff's own conduct, which was a substantial factor in producing any alleged injuries and/or damages.

**<u>Fifteenth Affirmative Defense</u>**

Plaintiff's failure to take appropriate steps to mitigate his alleged injuries and damages requires a proportionate reduction in any award of money damages.

> DEFENDANT
> STEVEN STEBBINS
> (INDIVIDUAL AND OFFICAL CAPACITY)
>
> WILLIAM TONG
> ATTORNEY GENERAL
>
>
> By:    /s/ *Laura Vitale*
>        Laura Vitale
>        Assistant Attorney General
>        Office of the Attorney General
>        Employment Section
>        165 Capitol Avenue, Suite 5000
>        Hartford, Connecticut 06106
>        Tel:  (860) 808-5340
>        Fax: (860) 808-5383
>        E-mail: Laura.Vitale@ct.gov
>        Federal Bar # ct29345

## **CERTIFICATION**

I hereby certify that on October 8, 2021 a copy of the foregoing Notice of Appearance was filed electronically.  Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_/s/ *Laura Vitale*_____
Laura Vitale (#ct29345)
Assistant Attorney General