UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MARCUS CAMERON,

Plaintiff

NO.: 3:21-cv-00165KAD

v.

STEVEN STEBBINS, et al.

**Defendants**

PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY

Plaintiff moves to extend the discovery deadline and therefore amend the Scheduling Order deadlines set by the Court in its August 12, 2021 Order (Dkt. 29) by ninety (90) days.

**Plaintiff's Statement in accordance with Local Rule 7(b)**:

Counsel states that at least one party has objected to an extension of time. Three motions for extension of time have been previously granted (Dkts. 8, 12 and 15), however the first granted Town of Enfield Defendants more time to answer Plaintiff's Complaint, and the second and third were filed in an effort to include the State of Connecticut Defendants who at the time, had not yet filed an answer to Plaintiff's Complaint. For reference, Defendants Steven Stebbins and Stephen Samson were served on March 5, 2021 and did not file Answers to Plaintiff's Complaint until October of 2021.

In support of this motion, Plaintiff, through his counsel, state as follows:

**2021**

1. Plaintiff was served with Interrogatories and Requests for Production of Documents from Defendants Brian Nolan, Mark Squires and the Town of Enfield on October 12, 2021.

2. Plaintiff's counsel reviewed and produced a significant amount of documents, videos and photographs that Plaintiff obtained via numerous FOIA requests, totaling multiple Gigabytes of data.

3. On January 23, 2022, Plaintiff's counsel produced written discovery responses to Defendants Brian Nolan, Mark Squires and the Town of Enfield after receiving their consent for additional time to produce the documents and Interrogatory Answers.

4. Plaintiff's counsel produced a PDF of Plaintiff's Answers to Defendants Brian Nolan, Mark Squires and the Town of Enfield's Interrogatories and Responses to their Requests for Production of Documents, a PDF privilege log and a link to a Google Drive that provided access to the voluminous data.

5. In early October of 2021, Defendants Stephen Samson and Steven Stebbins filed their Answers to Plaintiff's Complaint.

**2022**

6. On January 18, 2022, This Court directed the parties to submit a Joint Status Report (Dkt. 38).

7. The parties conferred and Plaintiff's Counsel filed the Joint Status Report on February 1, 2022.

8. On February 24, 2022, Defendant Steven Stebbins, through his counsel, served his First Set of Interrogatories and First Set of Requests for Production of Documents on Plaintiff.

9. Plaintiff's counsel served his Answers to Defendant Stebbins' Interrogatories and Requests for Production of Documents in the same format as was served on Defendants Brian Nolan, Mark Squires and the Town of Enfield, on April 15, 2022.

10. Counsel for Defendant Stebbins stated that she believed that there were numerous discrepancies in the discovery production that she received from Plaintiff's Counsel.

11. From February of 2022 through August of 2022, Attorney Cruz had been taking a significant amount of time off to care for her ailing father, Plaintiff had taken a vacation out of the country, and Attorney McLane was in Natick Massachusetts for 20 days out of the month of June for depositions and away at National Guard training from July 5-22, 2022. Attorney Cruz has just recovered from pneumonia and is still sick at home.

12. During Attorney McLane's absence, Attorney Cruz conferred with Defendant Stebbins' counsel regarding discovery disputes.

13. On June 23, 2022, Attorney McLane sent Defendant Stebbins' counsel updated Interrogatory Answers and an .mp3 in native format that Defendant Stebbins' counsel stated she could not access.

14. On July 29, 2022, Plaintiff's counsel conferred with Defendant Stebbins' counsel regarding items she claimed were still outstanding.

15. Plaintiff's deposition was taken on August 23, 2022.

16. During this deposition, Defendant Stebbins's counsel stated that she did not have many of the documents that plaintiff brought with him to the deposition.

17. At the conclusion of the deposition, Defendant Stebbins' counsel suspended the deposition and requested documents be produced by September 6, 2022.

18. Plaintiff's counsel believes that the issue was the lack of ability to access Google Drives on State of Connecticut devices, as counsel for Town of Enfield, Brian Nolan and Mark Squires had not expressed difficulty in accessing discovery, and only recently did counsel discover that Defendant Samson's attorney also had access issues.

19. Thus, Plaintiff invested in producing all of his documents on an e-discovery platform, "Logikcull," whereby any other user could use the platform to review all of the documents produced and download in the most useable format (if any format other than native was possible).

20. Almost every audio/video file was produced in a useable format (".mp4," ".wav," ".mp3," and ".mov").

21. There were eight (8) files which were produced in an "mp2" or ".VOB" format, however these were produced **by the State of Connecticut** subject to Plaintiff's FOIA request and could still be reviewed on the platform provided by the Plaintiff.

22. In addition, Plaintiff's counsel provided the entirety of the discovery document production using bates stamps and produced an easy-to-use load file that identified the exact file by bates number.

23. Thus, each party had the ability to either download the production in its entirety, along with the corresponding load file, or they could simply use the Logikcull platform (for free, even with an individual username and password) and review the documents on the platform.

24. This took additional time and expense, however Plaintiff's counsel wanted to ensure that there were no further issues with accessing any files.

25. On September 23, 2022, Defendant Stebbins' counsel stated that she was unable to access over seventy files and believed that they might need a separate media player.

26. Plaintiff's counsel re-sent her to the load file on September 26, 2022 and offered to simply send all the documents on a flash drive so that she could have them in their original format.

27. Plaintiff's counsel called Defendant Samson's counsel regarding access to the newest production in an effort to determine whether this was a universal issue

with the e-discovery vendor. During the phone conversation, Defendant Samson's counsel expressed that he was able to access the files.

28. On September 27, 2022, Defendant Stebbins' counsel identified further documents that she was seeking with respect to Plaintiff's employment records.

29. On September 28, 2022, Plaintiff served written discovery requests upon Steven Stebbins, Stephen Samson, Brian Nolan and the Town of Enfield, via electronic mail and asked each attorney if they would object to an extension of time on the Scheduling Order for completion of written discovery and to take depositions of the above-named Defendants.

30. Defendant Stebbins' counsel opposed the extension of time requested.

31. Defendant Stebbins' counsel also sought an additional seven hours of deposition testimony from the Plaintiff, to be taken on October 13, 2022, a date in which neither of Plaintiff's counsel are available.

32. Defendant Stebbins' counsel still states that she cannot access over 70 files and requested to meet in person to review them.

33. On September 30, 2022, Plaintiff's counsel mailed the flash drive to Defendant Stebbins' counsel, despite her email stating that she did not think it would "solve the issue".

Plaintiff is therefore seeking an additional ninety (90) days in which to conduct discovery. Written discovery has already been served via email on September 28, 2022. This would result in an amendment to the scheduling order, moving the current

dates by only three months. Plaintiff has shown good cause in accordance with Fed. R. Civ. P. 16.

By amending the scheduling order, parties could:

1. Find a mutually agreed upon date for the deposition of the Plaintiff
2. Allow for further dates of Plaintiff's deposition (if indeed Defendant Stebbins is afforded an *additional* seven hours)
3. Allow for parties to resolve any further discovery disputes prior to the deadline.
4. Allow for plaintiff to receive responses to his written discovery
5. Allow for plaintiff to take the deposition of the defendants.

Plaintiff, by his attorneys:

| /s/ Michelle S. Cruz | /s/ Ryan P. McLane |
|---|---|
| Michelle S. Cruz, Esq. | Ryan P. McLane, Esq. |
| Law Offices of Michelle S. Cruz | McLane & McLane, LLC |
| 1380 Main Street, Suite 403 | 269 South Westfield |
| Springfield, MA 01103 | Feeding Hills, MA 01030 |
| (860) 415-6529 | (413) 789-7771 |
| Cruz4law@gmail.com | ryan@mclanelaw.com |
| Juris: 428425 | Juris: 438176 |

**CERTIFICATE OF SERVICE**

I do hereby certify that a true copy of the above document was served upon the parties and/or attorneys of record via ECF on October 3, 2022.

/s/ Ryan P. McLane