UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCUS CAMERON | : | CIVIL ACTION NO. 3:21-CV-00165 (OAW) |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN STEBBINS, | : | |
| STEPHEN SAMPSON, JOHN DOE, | : | |
| BRYAN NOLAN, MARK SQUIRES, | : | |
| ENFIELD POLICE DEPARTMENT, | : | |
| STATE OF CONNECTICUT, | : | |
| CONNECTICUT STATE POLICE and | : | |
| the TOWN OF ENFIELD | : | |
| *Defendant* | : | October 21, 2022 |

**DEFENDANT STEVEN STEBBINS' MOTION FOR ORDER TO PRODUCE RECORDS**

Defendant Steven Stebbins respectfully moves that this Court order the production of certain documents from the Massachusetts Office of the Commissioner of Probation on the following grounds:

1. Plaintiff alleges that he is a probation officer in Massachusetts. Plaintiff claims, in part, that Defendant affected Plaintiff's employment with and reputation with the Office of the Commissioner of Probation. Defendant respectfully requires the documents that are enumerated in the attached Order to assist in his defense.

2. First, Defendant requests documents concerning the formation of the employment relationship, including but not limited to Plaintiff's job application. The discovery in this case indicates that Plaintiff considers himself to be a member of "law enforcement" and that Plaintiff works with offenders who are on probation. The request covers documents that pertain to Defendant's job duties and the nature of his work. The requested information, such as Plaintiff's job application, may also include information—and statements that Plaintiff has made—about Plaintiff's work, education, training and

experience as a police officer with the City of New York. The request is relevant because Plaintiff claims that Defendant affected his employment with and his reputation with his employer. The request is also relevant to the extent that the reason(s) for Defendant's alleged actions in this case are in dispute. The requested information also goes to Plaintiff's credibility, particularly because Plaintiff has sued the police.

3. Second, Defendant requests documents that pertain to Plaintiff's promotion to Assistant Probation Officer. Plaintiff alleges his reputation with his employer suffered; but, Plaintiff testified at his deposition that he subsequently received a promotion to Assistant Probation Officer. Accordingly, documents that pertain to Plaintiff's promotion to Assistant Probation Officer are relevant to Plaintiff's claim that Defendant affected his employment and his reputation with his employer.

4. Third, Defendant requests Plaintiff's disciplinary records, including but not limited to Plaintiff's administrative leave and suspension from his employment. Plaintiff alleges he was suspended from his employment and that Defendant affected Plaintiff's employment and reputation with his employer. The requested information is relevant to Plaintiff's allegations in the Complaint, including his general status with and reputation with his employer. Moreover, the request goes to the nature and amount of Plaintiff's damages.

5. Fourth, Defendant requests documents concerning the Massachusetts residency requirement as it pertains to Plaintiff, including but not limited to documents concerning Plaintiff's residency, any complaints about and investigation(s) into his residency, and any conclusion/outcome/consequence of such complaints and investigation(s). Plaintiff alleges that he is and was a resident of Massachusetts at all times referred to in the Complaint. Plaintiff claims Defendant reported that Plaintiff was not a resident of Massachusetts. The

    Commissioner of Probation may have documented complaints or concerns about Plaintiff's residency that originated with individuals or entities other than Defendant, and the Commissioner of Probation may have investigated Plaintiff's residency for reasons that are unconnected to Defendant. The Commissioner of Probation also has documents that pertain to Plaintiff's residency. Accordingly, the requested information is relevant to Plaintiff's claims and Plaintiff's credibility.

6. The undersigned counsel for Defendant previously inquired with the Office of the Commissioner of Probation legal department as to whether it required a subpoena or whether a signed authorization from Plaintiff would be sufficient to produce records. The Office of the Commissioner of Probation advised that they needed a Massachusetts Trial Court Rule IX Order to release records.

7. Rule 3 of the Massachusetts Trial Court Rule IX states in part, "A party shall be entitled to access to records of the Office of the Commissioner of Probation only as provided by statute or court order. A party seeking a court order permitting access to records of the Office of the Commissioner of Probation shall request such an order from the court in which the underlying matter is pending by written motion which shall specify the purpose(s) for which access to such records is sought."

8. Rule 3 of the Massachusetts Trial Court Rule IX further states, "A court order granting a party access to records of the Office of the Commissioner of Probation shall (1) require the party to supply to the Office of the Commissioner of Probation sufficient personal identifiers (e.g. name, address, date of birth) for each record requested so that probation central file personnel can narrow each request down to one record, (2) direct the official keeper of records for the Office of the Commissioner of Probation to provide the party with

3

attested copies of said records, and (3) specifically limit the party's use of the attested copies of such records and the information contained therein to the purpose(s) for which access was granted."

9. Defendant seeks relevant documents from a non-party, and is not limited by the requests for production that it served on Plaintiff. But, it should be noted that Defendant requested that Plaintiff produce copies of his employment records and Plaintiff did not object to the Request. (See Response to Request for Production #7, attached as Exhibit A). Indeed, Plaintiff did not object to any of the Requests for Production that Defendant propounded on February 24, 2022. (Exhibit A).

10. Plaintiff has filed his own motion for order to produce records (Doc. #51). The undersigned counsel for Defendant respectfully notes her understanding that Plaintiff intends to send the Commissioner of Probation a copy of the Complaint and to instruct the Commissioner of Probation to limit the production to documents that the Commissioner considers relevant to the allegations set forth in the Complaint. Accordingly, Defendant requires his own order to ensure he acquires all documents that may assist in his defense. Defendant has tailored his requests to the needs of this case.

11. Defendant requires the enumerated documents to assist in its defense in this matter.

Accordingly, Defendant respectfully requests that the Court allow this Motion and issue an Order that allows the Massachusetts Office of the Commissioner of Probation to produce the records that are designated in the Defendant's Proposed Order that accompanies this Motion.

Respectfully submitted,

DEFENDANT STEVEN STEBBINS

WILLIAM TONG

ATTORNEY GENERAL

By:    /s/ *Laura Vitale*_____
      Laura Vitale
      Assistant Attorney General
      Office of the Attorney General
      Employment Section
      165 Capitol Avenue, Suite 5000
      Hartford, Connecticut 06106
      Tel: (860) 808-5340
      Fax: (860) 808-5383
      E-mail: Laura.Vitale@ct.gov
      Federal Bar # ct29345

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2021 a copy of the foregoing Motion for Order to Produce Records was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

   /s/ *Laura Vitale*_____
Laura Vitale (#ct29345)
Assistant Attorney General