UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCUS CAMERON | : | CIVIL ACTION NO. 3:21-CV-00165 (OAW) |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN STEBBINS, | : | |
| STEPHEN SAMPSON, JOHN DOE, | : | |
| BRYAN NOLAN, MARK SQUIRES, | : | |
| ENFIELD POLICE DEPARTMENT, | : | |
| STATE OF CONNECTICUT, | : | |
| CONNECTICUT STATE POLICE and | : | |
| the TOWN OF ENFIELD | : | |
| *Defendant* | : | November 7, 2022 |

**DEFENDANT STEVEN STEBBINS' REPLY MEMORANDUM IN SUPPORT OF HIS MOTION FOR ORDER TO PRODUCE RECORDS**

In accordance with Local Rule 7(d), Defendant Steven Stebbins respectfully submits this reply memorandum in support of his motion for order for the production of documents from the Massachusetts Office of the Commissioner of Probation. The Massachusetts Office of the Commissioner of Probation advised the undersigned counsel via e-mail that it does not object to Defendant's motion. (*Exhibit A*). But, Plaintiff opposes Defendant's Proposed Order topic numbers 1, 2, and 3.[1] (*Pl. Opp*., pg. 1). Plaintiff does not oppose topic number 4. (*Pl. Opp*, pg. 3).

Defendant simply requests information that he needs to defend this action. "Federal civil litigation is characterized by broad pretrial discovery." *Doe v. Yale Univ.,* 564 F. Supp. 3d 11, 18 (D. Conn. 2021). Rule 26(b)(1 specifically states that information does not need to be admissible

---

[1] As far as the request for Plaintiff's disciplinary records are concerned, Plaintiff agrees that, at the very least, all documents that pertain to Plaintiff's suspension from his employment are relevant (as he must—Plaintiff alleges that Defendant caused him to be suspended from his job). *Compl*. ¶ 60, 95; *Pl. Opp*., pg. 1.

in evidence to be discoverable.  *F.R.C.P. 26(b)(1).*   To be discoverable, the information sought must be relevant to the claims or defenses and proportional to the needs of the case.  *Doe v. Wesleyan Univ.,* 2021 U.S. Dist. LEXIS 194774, at *8 (D. Conn. Oct. 8, 2021).

Discoverable information "includes information that is logically relevant to a claim or defense that has been pled in the case—in other words, information that has "any tendency to make the existence of any fact . . . more or less probable than it would be without the evidence," where that fact is "of consequence in determining the action."  *Doe v. Wesleyan Univ.,* 2021 U.S. Dist. LEXIS 194774, at *8.  The phrase "'any tendency to make more or less probable a fact which is of some consequence in determining the action' is language of inclusion, not exclusion."  *Doe v. Yale Univ.,* 564 F. Supp. 3d, at 18.  Discoverable information "can also include a variety of types of information not directly pertinent to the incident in suit."  *Doe v. Wesleyan Univ.*, 2021 U.S. Dist. LEXIS 194774, at *8.

Plaintiff has the burden to show why the discovery should be denied.  Plaintiff did not meet that burden.  Instead, Plaintiff calls Defendant's requests an irrelevant "fishing expedition" without explanation.  (*Pl. Opp*, pg. 1-2).  *See Doe v. Wesleyan Univ.,* 2021 U.S. Dist. LEXIS 194774, at *9 ("once the moving party shows that the requested information "bears on, or . . . reasonably could lead to other matter that could bear on, any issue" in the case, "[t]he party resisting discovery bears the burden of showing why discovery should be denied").[2]

---

[2] Plaintiff states in his opposition that he will be producing his income tax and wage records, which he has not yet done. (*Pl. Opp.,* pg. 2).  Plaintiff must produce that information because he is claiming lost wages.

2

Indeed, Plaintiff does not deny that his employment, his reputation with his employer, and the nature of his occupation are at issue in this case. Specifically:

(1) Plaintiff does not deny that he claims Defendant affected Plaintiff's employment with and reputation with the Office of the Commissioner of Probation. Information about this is requested in topics 1, 2, and 3.

(2) Plaintiff does not deny that he considers himself a member of law enforcement and that he works with offenders on probation. Indeed, the discovery in this case shows that Plaintiff told the Connecticut State Police he was a member of law enforcement, and that Defendant was concerned that Plaintiff could use his profession to retaliate against Defendant and his family. (*Exhibit B*, pg. 3-4). Information about this is requested in topic 1, as explained in Defendant's motion;

(3) Plaintiff does not deny that he has worked and trained as a police officer. Information about this is requested in topic 1, as explained in Defendant's motion;

(4) Plaintiff does not deny that he was promoted to Assistant Chief Probation Officer following the incidents involving Defendant, even though Plaintiff alleges his professional reputation suffered. Information about this is requested in topic 2, as explained in Defendant's motion;

(5) Plaintiff does not deny that credibility is particularly important in this case. Indeed, Plaintiff alleges that Defendant made numerous false statements. (*Compl.* ¶ 95, 97). Accordingly, "he said, he said" evidence is expected. Information that goes to Plaintiff's credibility is requested in topics 1, 2, and 3, as explained in Defendant's motion.

Defendant seeks information to support his defense and that has a tendency to make Plaintiff's claims and allegations against him less probable. For example, if Plaintiff was

disciplined for reasons unrelated to Defendant, it undercuts Plaintiff's claim that Defendant significantly impacted his professional reputation. Plaintiff's promotion to Assistant Chief Probation Officer undercuts his claim that Defendant significantly impacted his professional reputation. Plaintiff has not shown that his job application, job offer and job acceptance should be controversial when his employment and the nature of his work are at issue in this action. Finally, the custodian of the records is not concerned about the breadth of the request.

    Plaintiff is suing Defendant for damages. Defendant tailored his request to the specific employment documents that he needs to defend this action. Defendant respectfully requests that the Court grant his motion for an order to produce records. The custodian of the records does not object.

Respectfully submitted,

DEFENDANT STEVEN STEBBINS

WILLIAM TONG

ATTORNEY GENERAL

By:   /s/ *Laura Vitale*
Laura Vitale
Assistant Attorney General
Office of the Attorney General
165 Capitol Avenue, Suite 5000
Hartford, Connecticut 06106
Tel: (860) 808-5340
Fax: (860) 808-5383
E-mail: Laura.Vitale@ct.gov
Federal Bar # ct29345

## CERTIFICATE OF SERVICE

      I hereby certify that on November 7, 2022 a copy of the foregoing Reply Memorandum in Support of Defendant Steven Stebbins' Motion for Order to Produce Records was filed electronically.  Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                             /s/ *Laura Vitale*
                                           Laura Vitale (#ct29345)
                                           Assistant Attorney General