**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MARCUS CAMERON | : | CIVIL ACTION NO. 3:21CV00165(OAW) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN STEBBINS, | : | |
| STEPHEN SAMSON, JOHN DOE, | : | |
| BRYAN NOLAN, MARK SQUIRES, | : | |
| ENFIELD POLICE DEPARTMENT, | : | |
| STATE OF CONNECTICUT, | : | |
| CONNECTICUT STATE POLICE, | : | |
| AND TOWN OF ENFIELD | : | |
| *Defendants* | : | November 25, 2022 |

**DEFENDANT STEBBINS' OBJECTION TO PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY OF HIS OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSION**

Plaintiff's motion shows that Defendant's objections are justified. The law is clear: "vague or ambiguous requests for admission are not permitted." *Weinstein v. Univ. of Conn.,* 2014 U.S. Dist. LEXIS 107104, at *5 (D. Conn. Aug. 5, 2014). That is also a matter of common sense. Because requests for admission "conclusively establish the admitted fact," there should be no debate as to what an admission means and how it will be used. *Id.* at *5. *See also T. Rowe Price Small-Cap Fund v. Oppenheimer & Co.,* 174 F.R.D. 38, 44 (S.D.N.Y. 1997) ("Rule 36 responses become, in effect, sworn evidence that is binding upon the respondent at trial").

Requests for admission are for facts where "the parties unambiguously agree." *S.C. Johnson & Son, Inc. v. Henkel Corp.,* 2020 U.S. Dist. LEXIS 173511, at *6 (D. Conn. 2020). It is "a procedure for obtaining admissions for the record of facts already known by the seeker." *Dubin v. E.F. Hutton Group,* 125 F.R.D. 372, 375 (S.D.N.Y. 1989). Plaintiff "bears the burden of setting forth [his] requests simply, directly, not vaguely or ambiguously." *S.C. Johnson & Son, Inc.* 2020 U.S. Dist. LEXIS 173511, at *5. Plaintiff must state his requests so they can be answered with a simple admit or deny without explanation. *Id.,* at 7; *Dubin,* 125 F.R.D. at 375.

1

Requests for admission cannot state "half a fact" or 'half-truths" that require Defendant to qualify

his responses.  *S.C. Johnson, Inc.,* at *12.

Requests for admission are not discovery devices "nor are they to be considered

substitutions for them." *Id.*, at *5 (D. Conn. 2020) (quoting *Ohio Cas. Ins. Co. v. Twin City Fire*

*Ins. Co.*, 2020 U.S. Dist. LEXIS 50962, at *2 (E.D.N.Y. 2020)).   Indeed, "[w]hile the basic

purpose of discovery is to elicit facts and information . . . Rule 36 was not designed for [that]

purpose.  Instead, requests for admission are used **to establish admission of facts about which**

**there is no real dispute**." *Napolitano v. Synthes USA, LLC*, 297 F.R.D. 194, 198 (D. Conn. 2014).

The "sole purpose of requests for admission is to streamline the presentation of evidence at trial.

They eliminate the necessity of proving **facts that are not in substantial dispute**, thereby

reducing the costs of litigation." *S.C. Johnson, Inc.,* at *6.

As explained below, Plaintiff's requests for admission do not narrow the issues for trial or

reduce costs because their meaning is unclear.  It is not good for anyone—Plaintiff, Defendant, or

the Court—if, at the time of trial, it is not clear what has been admitted and denied.  Moreover,

many of the requests for admission are actually interrogatories that seek to discover information

because they cannot be admitted or denied without explanation. *Spectrum Dynamics Med. Ltd. v.*

*GE,* 2021 U.S. Dist. LEXIS 35633, at *7 (S.D.N.Y. Feb. 25, 2021) ("Spectrum's RFAs run afoul

of the purpose of Rule 36 as they are not designed to confirm information and eliminate issues for

trial. Rather, they are tantamount to contention interrogatories").  Plaintiff cannot use requests for

admission to circumvent the limit on the number of interrogatories—Plaintiff also served

Defendant with 22 interrogatories plus subparts.  *Id.,*  at *7 (finding that the plaintiff's RFA's

were an attempt to circumvent the Rule 33 limit on interrogatories).

Defendant filed objections pursuant to Rule 36(a)(3).  Plaintiff's motion shows the parties

do not "unambiguously agree" on the facts.  Defendant was obligated to file objections because

simply denying a request under these circumstances—instead of objecting to it first—could

unfairly expose Defendant to liability for costs and cause confusion at summary judgment and

trial.  In deciding this motion, the Court should carefully consider the "phraseology of the requests"

in addition to the objections.  *S.C. Johnson, Inc.,* at \*11.  Plaintiff was unwilling to even try to re-

write the Requests to resolve Defendant's concerns.[1]

### A.  REQUESTS FOR ADMISSION 1, 2 AND 9

Defendant cannot fairly admit or deny RFA # 1, 2, and 9 because they ask for an abstract,

hypothetical opinion and contain ambiguous terms.  These requests are objectionable on multiple

grounds:

> Request 1:  You hold the opinion that a Connecticut State Trooper should not perform
> COLLECT inquiries while off-duty.

> OBJECTION:  This Request for Admission is irrelevant.  It calls for an abstract opinion,
> conjecture or suspicion.  It is vague and ambiguous.  For example, the term "you" is vague
> and ambiguous.  The term "off-duty" is vague and ambiguous. The term "Connecticut State
> Trooper" is vague and ambiguous because there are Troopers of varying positions, rank,
> job duties and responsibilities and who encounter varying situations.

---

[1] Because the undersigned counsel knew the requests were objectionable should not be answered
as written, Defendant did not seek an extension to respond to the requests for admission and filed
timely objections that explained why each request is objectionable.  The undersigned also made
herself available for a meet and confer phone call the same day that Plaintiff's counsel requested
one.  The undersigned tried to explain that requests for admission are not interrogatories and that
requests for admission cannot be answered if they are vague and ambiguous.  The following day,
the undersigned followed up via e-mail again to suggest that Plaintiff's counsel revise the requests
and to again explain why the requests for admission cannot be answered.  Although the
undersigned proposed that Plaintiff's counsel re-write the requests, Plaintiff's counsel declined
because it would cause too much delay. It should be noted that this case has been pending since
February 2021, Defendant filed an appearance on September 28, 2021, and Defendant tried to
complete discovery within the original discovery deadline.  Plaintiff waited an entire year before
he commenced discovery against Defendant on September 28, 2022, which was only a few weeks
before the original discovery deadline.

Request 2:  You hold the opinion that a Connecticut State Trooper should not perform a COLLECT inquiry for personal reasons.

OBJECTION:  This Request for Admission is irrelevant.  It calls for an abstract opinion, conjecture or suspicion.  It is vague and ambiguous.  It is not direct and specific. For example, the term "you" is vague and ambiguous. The phrase "personal reasons" is vague and ambiguous.  The term "Connecticut State Trooper" is vague and ambiguous because there are Troopers of varying positions, rank, job duties and responsibilities and who encounter varying situations.

Request 9:  You are of the opinion that it would be improper for an investigating officer to investigate the Complainant, rather than the subject of the investigation, with the assistance of the subject of the investigation.

OBJECTION:  This Request for Admission is irrelevant.  It is vague and ambiguous.  It is confusing as written.  The Request is not direct, it is not simply stated, and it is not limited to singular facts.  It is not clear and specific.  It calls for an abstract opinion, conjecture or suspicion.  The term "you" is vague and ambiguous; "investigating officer" is vague and ambiguous; "Complainant" is vague and ambiguous;" "subject of the investigation" is vague and ambiguous; and "assistance of the subject" is vague and ambiguous.  It is improper to ask Defendant to admit or deny this imprecise statement.

The RFAs improperly call for an abstract, hypothetical opinion.  *Rubinstein v. Music Sales Corp.,* 2021 U.S. Dist. LEIS 145106, at *8 (S.D.N.Y. August 3, 2021) ("requests for  admission that call for the answer to hypothetical questions are not proper").  The RFAs do not include undisputed facts—or any facts at all.   The RFAs do not even include the standard that Defendant must apply when determining what "should" or "should not" happen and what is proper or improper. Defendant cannot fairly admit or deny his opinion on what a Trooper "should not" do or what is "improper"  (1) in a vacuum and (2) when the meaning of the key terms are disputed.

Indeed, the term "off-duty" is vague and ambiguous because Defendant and Plaintiff appear to have a different definition of "off-duty."  A Trooper who is not scheduled to work is still empowered to conduct police business—and from that perspective, a Trooper is never actually

"off-duty."  The term "personal reasons" is vague and ambiguous because there appears to be a dispute in this action as to what is a permissible and impermissible use of COLLECT.[2]

The requests are also vague and ambiguous as to the timeframe.  They appear to request Defendant's current opinion in 2022 about what a Trooper "should not" do and what would be "improper."   Defendant's current opinion on what a Trooper "should not" do and what is "improper" is not relevant to this action about events that occurred in 2018.   Defendant is not an expert witness in this case.

Ultimately, RFA #1, 2 and 9 do not narrow and streamline the issues.  The RFAs cannot be answered with a simple admit or deny, but instead require an explanation.  Plaintiff seeks information that is more appropriately obtained through discovery devices.

### B.  REQUEST FOR ADMISSION # 3

Defendant cannot fairly admit or deny RFA #3 because it is vague and ambiguous:

Request 3:  You performed at least seven COLLECT inquiries on Plaintiff within two months in 2018.

OBJECTION:  This Request for Admission is vague and ambiguous.  The Request is not direct, it is not simply stated, and it is not limited to singular facts.  It is not clear and specific.  For example, the term "you" is vague and ambiguous, the phrase "at least seven" is vague and ambiguous," and the phrase "within two months in 2018" is vague and ambiguous.  It is improper to ask Defendant to admit or deny this imprecise statement.  The Request also seeks information that is more appropriately requested through discovery devices.

This RFA is inherently confusing.  It is ambiguous because (1) it refers to "at least" seven

COLLECT inquiries, and (2) "within two months in 2018."   It's unclear whether Plaintiff is asking

---

[2] That RFA #2 is improper because it is not fact-specific is illustrated by the following scenario: what if the facts were that a Trooper used the COLLECT system to save his own life?  That might qualify as a "personal reason" (again, the standard is not specified and appears to be in dispute). Even if "personal reasons" are not permitted (the permitting authority is not specified), perhaps the Trooper **should** do it anyway in that particular situation because saving his own life is more important than any consequences that he might face.

Defendant to admit or deny: (1) that he performed seven COLLECT inquiries on Plaintiff, (2) that

he performed more than seven COLLECT inquiries, or (3) that there may have been more than

seven COLLECT inquiries but that he doesn't know for sure.  Further, the phrase "within two

months in 2018" is ambiguous—within two months of what?   The request is not direct, it is not

clear, and it is not specific.  *See Dubin,* 125 F.R.D. at 375 (finding defendants' objections to

requests for admission well-founded where they contained vague and ambiguous wording).

Defendant should not be forced to admit or deny a statement when it is this unclear.

Plaintiff should have taken the time to craft a simple, concise, and direct statement.  This request

does not serve to narrow and streamline the issues for trial because there would be debate as to

what this means and how it can be used.  It also appears that Plaintiff is requesting information

that is more appropriately obtained through discovery devices.

### C.  REQUESTS FOR ADMISSION # 4 – 5

RFA # 4 and 5 are vague, ambiguous, and are more appropriately considered

interrogatories.

> Request 4:  You, Stephen Samson and a third party were in the room together on July 17, 2018 when Stephen Samson called Plaintiff's employer.
>
> OBJECTION:  This Request for Admission is vague and ambiguous.  It is not direct, it is not simply stated, and it is not limited to singular facts.  It is not clear and specific. For example, the terms "you," "third party" and "Plaintiff's employer" are vague and undefined.  Similarly, which "room" the Request references is unclear and the length of time required before individuals are considered to be "in the room together" for purposes of this Request is vague and ambiguous.  Even the phrase "when Stephen Samson called" is vague and ambiguous because it is does not specify whether it is a phone call or another type of call, and whether it refers to the dialing of a phone number, an entire conversation, part of a conversation, or something else.  It is improper to ask Defendant to admit or deny this imprecise statement.  The Request seeks information that is more appropriately requested through discovery devices.
>
> Request 5:  When Stephen Samson made the phone call to Plaintiff's employer on July 17, 2018, Stephen Samson was still investigating Plaintiff's allegations against you.

OBJECTION:  This Request for Admission is vague and ambiguous.  It is not direct, it is not simply stated, and it is not limited to singular facts.  It is not clear and specific.  For example, the term "you" is vague and ambiguous.  It is vague and ambiguous as to what "made the phone call" means, which employer it refers to, what "allegations" it refers to, and what is considered "investigating."  This Request asks Defendant to admit or deny matters within the personal knowledge of an individual other than Defendant.  The Request seeks information that is more appropriately requested through discovery devices.

Defendant cannot fairly admit or deny RFA # 4 and 5 because they are vague and ambiguous on multiple levels.  They are not  simple or concise and are not limited to singular facts.  *See T. Rowe Price,* 174 F.R.D. at 21 (finding that requests for admission failed "to satisfy the basic requirement that requests to admit be simple and concise and state facts singly").  They cannot be answered with a simple admit or deny, but instead  require an explanation.  Moreover, RFA #4 and 5 do not serve to narrow or streamline the issues because of the follow-up questions that would arise. *See Spectrum Dynamics,* 2021 U.S. Dist. LEXIS 35633, at *7.  Plaintiff asserts in his motion that the RFAs are "damaging."  That Plaintiff intends to assert the RFAs are "damaging" only proves that it is important to ensure everyone is clear on what facts have been admitted or denied.

Plaintiff references an audio recording that he produced during discovery, which purportedly recorded a voicemail message and a subsequent conversation.  It is unclear whether RFA #4 and 5 ask Defendant to admit whether Defendant was present at the moment that Defendant Samson dialed the phone.  It is unclear whether RFA #4 and 5 ask Defendant to admit whether Defendant was present for the entire voicemail message and the entire subsequent conversation, or whether Defendant was present for only part of that time.  A request for admission "should not state 'half a fact' or 'half-truths' which require the answering party to qualify responses."  *S.C. Johnson, Inc.,* at *12.   Plaintiff seeks information that is more appropriately obtained through discovery devices.

Moreover, the following terms are ambiguous:

"Third party" is ambiguous:  Plaintiff should have identified who the "third party" is in RFA #4.   It is unclear whether "a third party" refers to a specific person who is speaking on the audio recording or whether it would be used to include any other person who may have filtered in and out of the room, even momentarily.

"Plaintiff's employer" is ambiguous:  Plaintiff testified in his deposition that he had three different employers in 2018—yet, the RFAs do not identify which employer it refers to, even though that should be simple for Plaintiff to do.   Plaintiff refers to the "Probation office in the Springfield District Court" in his motion.  But that is not in the RFAs.  The ambiguity is unnecessary and unfair to Defendant.

"Investigating Plaintiff's allegations against you" is ambiguous because it does not state what the allegations were that Samson was investigating for purposes of the RFA.  Defendant (and the Court) should not be forced to make assumptions.  Plaintiff has the burden to write a precise statement that can be admitted or denied without an explanation.

Finally, RFA #5 asks Defendant to admit or deny facts that are not within his personal knowledge, but instead depend upon the personal knowledge of a different defendant—Stephen Samson.  Plaintiff should seek that information through discovery requests directed to Defendant Samson.

### D.  REQUEST FOR ADMISSION # 6

Request 6:  You hold the opinion that Plaintiff's residence has no bearing on whether his allegations against you are true.

OBJECTION:  This Request for Admission is vague and ambiguous.  It is not direct, it is not simply stated, and it is not limited to singular facts.  For example, the terms "you," "bearing,"  "residence" and "his allegations" are vague and ambiguous.  It is improper to ask Defendant to admit or deny this imprecise statement.

This request for admission is vague and ambiguous on multiple levels.  It is confusing. First, it is unclear whether the term "allegations" refers to Plaintiff's allegations against Defendant in the Internal Affairs complaint or whether it refers to Plaintiff's allegations against Defendant in this lawsuit.

Second, "Plaintiff's residence" is unclear.   Plaintiff and Defendant lived in the same neighborhood, and there is a dispute as to what occurred between Plaintiff and Defendant in the neighborhood.  Based on Plaintiff's motion, it appears that request number six refers to the State of Plaintiff's residency—whether he is considered a resident of Connecticut or a resident of Massachusetts.  But that is not what the RFA states.

Finally, this request is vague as to timeframe.  It is unclear whether it asks Defendant for his current opinion or whether it is asking Defendant for his opinion in 2018.  Plaintiff has the burden to write a clear and precise statement so that everyone—Plaintiff, Defendant, and the Court—is clear on what Defendant has admitted or denied.

**E.  REQUESTS FOR ADMISSION # 7 - 8**

Request 7**:** Stephen Samson advised you to seek a protective order against Plaintiff.

OBJECTION:  This Request for Admission is vague and ambiguous.  The terms "you," "seek," and "advised" are vague and ambiguous.  It is unclear whether it refers to a specific protective order.  It calls for an opinion, conjecture or speculation regarding Stephen Samson's intent, which is not within Defendant's personal knowledge.  It is improper to ask Defendant to admit or deny this imprecise statement.  The Request seeks information that is more appropriately requested through discovery devices.

Request 8:  Stephen Samson advised you to file police reports against Plaintiff.

OBJECTION:   This Request for Admission is vague and ambiguous.  It calls for an opinion, conjecture or speculation regarding Stephen Samson's intent, which is not within Defendant's personal knowledge.  For example, the terms "you" and "advised" are vague and ambiguous.  It is also unclear what the phrase "file police reports against Plaintiff" means and it is unclear whether it refers to any specific police report.  It is improper to ask Defendant to admit or deny this imprecise statement.  The Request seeks information that is more appropriately requested through discovery devices.

Plaintiff asserts that the RFAs "cut to the heart of the improper collusion that occurred" between Defendants Samson and Stebbins.   Defendant denies that there was any "improper collusion."   These are not proper requests for admission.  They are interrogatories designed to elicit information.   The requests do not narrow or streamline the issues for trial—the ambiguity means that Plaintiff, Defendant, and the Court will be unclear as to what Defendant has actually admitted or denied.

First, the term "protective order" is ambiguous because there are different types of protective orders.  The request does not specifically reference the application for civil protection order that Defendant filed.  It is unclear whether it asks Defendant to admit or deny whether Samson advised him to file that specific protective order at that specific point in time or whether Samson advised him to seek a protective order at one point—either months earlier or months later—in a more general sense.  It is also unclear what qualifies as "advised" for purposes of this request for admission.

10

Similarly, the meaning of the phrase "file police reports" is unclear.  Plaintiff produced police reports that he obtained from the Enfield Police Department.  It is unclear whether RFA #8 asks Defendant to admit or deny whether Samson advised Defendant to "file" (1) one of those specific reports that Plaintiff produced, (2) all of the reports that Plaintiff produced, or  (3) police reports in a general sense.

Further, the phrase "file police reports" is unclear.  It is unclear whether it refers to a formal complaint of criminal activity that the police will investigate.  It is unclear whether "file police reports" means to make an informal call to ask the police for help that the police then documents in a police report.   The request also does not specify whether "police" refers to the Enfield Police or the State Police.   Finally, both RFA #8 and #9 ask Defendant to characterize and interpret conversations with Defendant Samson.  Defendant cannot admit or deny Defendant Samson's intent.  That information should be obtained through discovery with Defendant Samson.

Because Plaintiff apparently intends to assert that RFA #8 and #9 "cut to the heart of the improper collusion that occurred" between Defendants Samson and Stebbins, it is important that there is no ambiguity as to what facts are being admitted or denied.  Plaintiff can obtain information through discovery devices.  This is not a proper request for admission.

**F.   REQUEST FOR ADMISSION # 10**

Request 10:  A "signal twelve" is a term synonymous with a traffic stop used by the Connecticut State Police.

OBJECTION:  This Request for Admission is vague and ambiguous.  The term "traffic stop" is vague and ambiguous.  The phrase "traffic stop used by the Connecticut State Police" is vague and ambiguous.  Further, this Request is improper because it asks Defendant to admit or deny matters within the personal knowledge of the Connecticut State Police.  This Request seeks information that is more appropriately requested through discovery devices.

The undersigned gave RFA #10 more thought to determine whether it could be admitted or denied with a simple qualification.  But ultimately, defining "signal twelve" requires an explanation, and is therefore more appropriate for an interrogatory.  Indeed, Plaintiff submitted an interrogatory to Defendant that asks Defendant to explain his understanding of what "signal twelve" means.

RFA#10 does not ask Defendant to admit or deny specific facts in this case.  The term "traffic stop" is not defined—it is unclear whether it refers to a traffic stop as defined by case law, a statute, or a Connecticut State Police manual.  Because the term "traffic stop" is undefined, it is unclear what specific facts or circumstances would constitute a "traffic stop" for purpose of this RFA, and so Defendant cannot admit or deny whether the term "signal twelve" is "synonymous."

Further, it is unclear whether this request asks Defendant to conclusively admit—for purposes of trial—how all members of the Connecticut State Police use the term "signal twelve." Plaintiff's motion appears to indicate that he is asking Defendant to interpret what an unidentified state trooper meant when that trooper said "signal twelve" on an audio recording.  Accordingly, Plaintiff seeks information that is more appropriately obtained through discovery devices.

## G.  REQUEST FOR ADMISSION # 11

Request 11:  On July 17, 2018 Stephen Samson made a statement to the effect that Plaintiff would say that he was only being investigated because he was black.

OBJECTION:  This Request for Admission is vague and ambiguous.  For example, the meaning of the phrase "to the effect that" is vague and ambiguous.  It calls for an abstract opinion, conjecture, or suspicion.   It is improper to ask Defendant to admit or deny this imprecise statement.  Defendant further objects to the extent it asks Defendant to admit or deny matters within the personal knowledge of Stephen Samson.

This request is ambiguous because it is unclear what the phrase "to the effect that" means.

It is also unclear whether this request asks Defendant to admit or deny Samson's intent.

## H.  REQUEST FOR ADMISSION # 12

Request 12: You were not awarded a protective order against the plaintiff.

OBJECTION:  This Request for Admission is vague and ambiguous as written.  It is not direct and specific.  The terms "you," "awarded" and "protective order" are vague.   It is improper to ask Defendant to admit or deny this imprecise statement.

Plaintiff could easily resolve the ambiguity of this request, but Plaintiff was unwilling to re-write it.  As Defendant stated in his Answer to Paragraph 56 of the Complaint, a Judge granted Defendant an ex parte order of protection on November 13, 2018.   The matter was subsequently scheduled for a hearing, and Defendant's application for a civil protection order was then denied after a hearing.  But, for a certain period of time a protective order was in place.   Therefore, Defendant is unable to admit or deny without explanation—which effectively renders this request an interrogatory.   As explained above Plaintiff cannot use requests for admission to circumvent the limit on the number of interrogatories.

## I.   REQUEST FOR ADMISSION # 13

Request 13:  You moved from Foxcroft Road shortly after you were given a new position at the Connecticut State Police on the Governor's Security Detail.

OBJECTION:  This Request for Admission is vague and ambiguous as written.  The phrase "shortly after" is vague and ambiguous.  The phrase "given a new position" is also vague and ambiguous.  The term "you" is also vague and ambiguous.  It is improper to ask Defendant to admit or deny this imprecise statement.  This Request seeks information that is more appropriately requested through discovery devices.

This is another request for admission that is effectively an interrogatory, because it cannot be answered with a simple admit or deny.  The phrases "shortly after" and "given a new position" are ambiguous.  *See, e.g., S.C. Johnson & Son., Inc.*, at \*30.   It is unclear whether "shortly after" means one day, one week, one month or several months.  It is unclear what qualifies as "given a new position"—does it refer to a job offer, job acceptance, or the start date?  Indeed, the record in this case is devoid of information about Defendant's job position.   It is clear that Plaintiff is seeking to elicit information, which is more appropriately acquired through discovery devices. *See S.C. Johnson & Son, Inc.,* at \*31 ("The admission purportedly sought by this RFA is better suited to a deposition, where the proper foundation may be laid, and follow-up questions posed").

## J.   REQUEST FOR ADMISSION #14

Request 14: You contacted one of the Prosecuting attorneys in Plaintiff's criminal trial.

OBJECTION:  This Request for Admission is vague and ambiguous.  The Request is not direct, it is not simply stated, and it is not limited to singular facts.  It is not clear and specific.  The term "you" is vague and ambiguous.  The phrases "one of the Prosecuting attorneys" and "Plaintiff's criminal trial" are vague and ambiguous.  The term "contacted" is vague and ambiguous.  It is improper to ask Defendant to admit or deny this imprecise statement.

This request for admission is vague and ambiguous on multiple levels.   In this case, Plaintiff claims he was arrested and charged with Stalking and that the case was dismissed after diversion.  RFA #14 refers to a criminal trial—but this case does not involve a criminal trial.  The RFA also refers to multiple "prosecuting attorneys" but does not identify who they are.  This RFA

is also vague and ambiguous as to timeframe for this "contact."  Plaintiff's counsel was welcome

to rephrase the request, but declined to do so.

### K.  REQUEST FOR ADMISSION # 15

Request 15: You have never seen Plaintiff in possession of a Connecticut driver's license.

OBJECTION:  This Request for Admission  is vague and ambiguous.  It is irrelevant. The
terms "you" and "in possession" are  vague and ambiguous.   It is unclear whether this
Request refers to any Connecticut driver's license or whether it refers to a driver's license
issued to Marcus Cameron.  It is improper to ask Defendant to admit or deny this imprecise
statement.

Plaintiff could resolve this ambiguity by re-writing it, but declined to do so.  The term

"possession of" is ambiguous to the extent that Defendant saw information that showed Plaintiff

possessed a Connecticut driver's license.  It is unclear whether this RFA is intended to ask whether

Plaintiff ever showed Defendant a physical Connecticut driver's license that was issued to

Plaintiff.  Again, as phrased, this request for admission is actually an interrogatory that requires an

explanation.  The ambiguity of an admit or deny would cause confusion at summary judgment or

trial.

### L.  REQUEST FOR ADMISSION #16

Request 16:  You have no personal knowledge regarding any information connecting the
Plaintiff to the incident you reported to the Enfield Police Department on July 8, 2018.

OBJECTION:  This Request for Admission is vague and ambiguous.  It is not direct, it is
not simply stated, and it is not limited to singular facts.  It is not clear and specific. The
term "you" is vague and ambiguous. The meaning of  the terms "personal knowledge,"
"any information," "incident," and "connecting" are vague and ambiguous.  It is improper
to ask Defendant to admit or deny this imprecise statement.   This Request seeks
information that is more appropriately requested through discovery devices

This RFA is confusing.  It is not simple or concise and does not state facts singly.  It is

unclear what qualifies as "personal knowledge" and what would qualify as information sufficient

to be deemed "connecting" Plaintiff to that incident.  This request for admission does not call for

a simple admit or deny—it is an interrogatory that is designed to elicit information.  *See S.C.*

*Johnson & Son, Inc.,* at \*31 ("The admission purportedly sought by this RFA is better suited to a

deposition, where the proper foundation may be laid, and follow-up questions posed").

### M. REQUEST FOR ADMISSION #17

Request 17: There was no construction being conducted on November 12, 2018 that would
have forced you to drive past 49 Foxcroft Road.

OBJECTION:  This Request for Admission is vague and ambiguous.  It is not clear and
specific.  The phrase "would have forced" is vague and ambiguous.  The term "you" is
vague and ambiguous.  Further, the Request is vague and ambiguous because it refers to
"construction being conducted" but does not specify where, when, or by who.  This Request
seeks information that is more appropriately requested through discovery devices.

This request is vague and ambiguous on multiple levels.  In his motion, Plaintiff refers to

a media report.  But, RFA #17 lacks the clear, undisputed facts needed to allow Defendant to admit

or deny the media's characterization.  For example, it is unclear whether the term "forced" has an

objective or a subjective standard for purposes of this request for admission.  This request cannot

be answered with a simple admit or deny, but is effectively an interrogatory designed to elicit

information.  *See S.C. Johnson & Son, Inc.,* at \*31 ("The admission purportedly sought by this

RFA is better suited to a deposition, where the proper foundation may be laid, and follow-up

questions posed").

### N.  REQUEST FOR ADMISSION #18

Request 18:  You contacted the jury service department regarding Plaintiff's residence.

OBJECTION:  This Request for Admission is vague and ambiguous.  The terms "you" and
"jury service department" are vague and ambiguous.  The phrase "regarding Plaintiff's
residence" is also vague and ambiguous.   It is improper to ask Defendant to admit or deny
this imprecise statement.

Plaintiff could have easily re-written this request to resolve the ambiguity.  The request

does not make clear which "jury service department" it refers to.  As Exhibit E to Plaintiff's motion

proves, "jury service department" is not the correct name and could therefore have referred to an agency in a different State. Plaintiff's motion further clarifies that "Plaintiff's residence" means his *place* of residence. Again, Defendant should not be expected to make assumptions or to speculate when admitting or denying a request for admission.

Finally, Defendant objected to the term "you" in all of the requests for admission because it was unclear as to whether whether it refers only to Steven Stebbins or includes Defendant's agents or representatives. As the undersigned explained to Plaintiff's counsel, if the term "you" was the only issue with these requests for admission, Defendant could likely answer with a minor qualification. But, because the term "you" was not the only (or even the primary) problem with these requests for admission, Defendant included that objection to alert Plaintiff to that issue so that it could be resolved if Plaintiff rephrased the requests.

## CONCLUSION

Requests for Admission are designed to conclusively establish facts where the parties unambiguously agree. There are potential consequences if Defendant were to deny facts that Plaintiff later proves at trial. Accordingly, Plaintiff's vague and ambiguous requests for admission place an unfair burden on Defendant. Plaintiff unfairly expects Defendant to make various assumptions about the meaning of each request. Plaintiff had the burden to write clear, unambiguous and precise statements of undisputed facts that Defendant could fairly admit or deny. Plaintiff is represented by two attorneys in this case.

Plaintiff's motion—which tries to explain the meaning and the significance of the requests—shows many of the requests are actually interrogatories designed to elicit information. Plaintiff's motion also shows that some ambiguities could have been resolved by writing better

questions.  Rather than try to resolve the ambiguities, Plaintiff filed this motion to force Defendant

to answer the requests as they are written.  The Court should deny Plaintiff's motion in its entirety.


Respectfully submitted,

DEFENDANT STEVEN STEBBINS

WILLIAM TONG

ATTORNEY GENERAL

By:      /s/ *Laura Vitale*_____
         Laura Vitale
         Assistant Attorney General
         Office of the Attorney General
         165 Capitol Avenue, Suite 5000
         Hartford, Connecticut 06106
         Tel:  (860) 808-5340
         Fax: (860) 808-5383
         E-mail: Laura.Vitale@ct.gov
         Federal Bar # ct29345


## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2022 a copy of the foregoing objection was filed

electronically.  Notice of this filing was sent by e-mail to all parties by operation of the Court's

electronic filing system.  Parties may access this filing through the Court's system.


         /s/ *Laura Vitale*_____
         Laura Vitale (#ct29345)
         Assistant Attorney General