UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCUS CAMERON, | : | No. 3:21-cv-00165 (OAW) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN STEBBINS, et al., | : | |
| *Defendants.* | : | MARCH 31, 2023 |

### DEFENDANT STEPHEN SAMSON'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO QUASH SUBPOENA

Pursuant to Rules 45 and 26 of the Federal Rules of Civil Procedure, Defendant Stephen Samson moves to quash the March 17, 2023 subpoena that Plaintiff Marcus Cameron served on Cingular Wireless (AT&T). The subpoena requests:

> "Copies of phone records for [Trooper Samson's personal cell phone number] showing phone calls made and received, along with text and SMS messages sent and received from May 22, 2018 through March 8, 2019."

The Court should quash the subpoena because: (1) Lieutenant Samson's personal cell phone records are not relevant and not proportional to the needs of the case; (2) the subpoena includes communications protected by the marital communications privilege; and (3) the subpoena is untimely.

**I.    ARGUMENT**

Lieutenant Samson has standing to file a motion to quash the subpoena because the subpoena seeks his personal cell phone records. *See Scott v. Complete Logistical Servs., LLC*, 2021 U.S. Dist. LEXIS 109672, at *5 (E.D. La. June 11, 2021) (collecting cases); *Howard v. Seadrill Ams., Inc.*, 2016 U.S. Dist. LEXIS 165799, at *5 (E.D. La. 2016) ("Plaintiff does have a sufficient personal interest in the information

to have standing to challenge the subpoena"). Indeed, "numerous cases recognize a personal privacy interest in cell phone records." *Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC*, 2022 U.S. Dist. LEXIS 217295, at *9 (E.D. La. Dec. 2, 2022).

Alternatively, the Court may quash the subpoena to protect Lieutenant Samson from undue embarrassment, undue annoyance and oppression pursuant to Rule 26. *See Crescent City*, 2022 U.S. Dist. LEXIS 217295, at *9. ("Even if Rule 45 standing were an issue, Rule 26 would provide an alternative basis of standing to seek the requested relief"); *Dapkus v. Arthur J. Gallagher Serv. Co., LLC*, 2021 U.S. Dist. LEXIS 4600, at *21 (D. Conn. 2021) (Farrish, J.) (citing a case that notes even if Rule 45 does not apply, "the court may modify or quash to protect individuals from undue annoyance as provided by Fed. R. Civ. P. 26(c)"). *See also Howard*, 2016 U.S. Dist. LEXIS 165799, at *4 ("Both Rules 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45").

   a. **Defendant's Cell Phone Records are Not Relevant to Any Claims that Plaintiff has Actually Plead.**

To be discoverable, information must be both relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *Scott*, 2021 U.S. Dist. LEXIS 109672, at *6. Lieutenant Samson's cell phone records are not relevant to any claims that Plaintiff has actually plead. Instead, the subpoena is a speculative fishing expedition. *See Crescent City*, 2022 U.S. Dist. LEXIS 217295, at *5 (Rule 26 is not "a license to engage in an unwieldy, burdensome, and speculative fishing expedition"). This is a 42 U.S.C.

§ 1983 action that alleges Lieutenant Samson committed an unreasonable seizure and excessive force in violation of the Fourth Amendment. *See* Complaint, ECF No. 1, p. 12 – 13, ¶¶70 – 75.

The subpoena covers every single phone call and text message that Lieutenant Samson sent and received on his personal cell phone over the course of 8 months. The dates and times that Lieutenant Samson called or received calls from his wife, extended family, friends, coworkers, doctors—along with whatever other calls and text messages received and sent in the course of daily life—is an irrelevant, monumental invasion of privacy. Indeed, "the mere existence of any incoming or outgoing local or long-distance phone call to any particular number at any particular time" is not relevant Plaintiff's claims in this case. *Crescent City*, 2022 U.S. Dist. LEXIS 217295, at *10. The subpoena also appears to request "every incoming or outgoing text message without regard to the parties involved or subject matter content of the message," which is "patently overbroad as it calls for information that has no conceivable relevance to any claim or defense in this matter." *Id.*

It appears that Plaintiff intends to determine if and when Lieutenant Samson communicated with defendant Stebbins (also a Connecticut State Trooper) and members of the Enfield Police Department at any time between May 22, 2018 through March 8, 2019. Plaintiff does not have all of the Enfield Police Department's phone numbers. Upon information and belief, Plaintiff intends to examine each and every phone number in Lieutenant Samson's phone records to determine who it belongs to—a fishing expedition into Lieutenant Samson's personal life.

Further, the mere fact that Lieutenant Samson called or received a call from any member of the Enfield Police Department or defendant Stebbins during that time is not relevant to Plaintiff's unreasonable seizure or excessive force claims. Similarly, the fact that Lieutenant Samson may have texted with any of the defendants during that time period is not relevant to Plaintiff's claims. *See Northern v. Landstar Sys.*, 2020 U.S. Dist. LEXIS 172974, at *4 (W.D. La. 2020) ("to permit unlimited access to cell phone records based solely upon the requested unsubstantiated hope . . . is to permit a speculative fishing expedition").

In fact, Lieutenant Samson was defendant Stebbins' immediate supervisor during the requested time period—naturally, defendant Stebbins and Lieutenant Samson would communicate about work that was completely unrelated to this action. *See Crescent City*, 2022 U.S. Dist. LEXIS 217295, at *11 (request for communications with specific people "still exceeds the permissible scope of discovery as set forth in Rule 26(b) as it would likely encompass many communications having absolutely nothing to do with" the claims in the case); *Clay v. Lambert*, 2017 U.S. Dist. LEXIS 174130 (D. Colo. 2017) (quashing subpoena "to the extent it seeks the specific phone numbers to which Defendants made calls or sent messages and the substance of communications Defendants had while using their cell phones").

### b. Lieutenant Samson's Communications with his Wife Are Also Protected by the Marital Communications Privilege

The Court should also quash the subpoena because it requests communications covered by the marital communications privilege. Fed Rules Civ Proc R 45(a)(3)

(explaining that subpoena can be quashed if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies"); *Consumer Fin. Prot. Bureau v. Mackinnon*, 2021 U.S. Dist. LEXIS 187229, at *15 (W.D.N.Y. Sep. 29, 2021) ("any claim to the marital communications privilege . . . may only be specifically asserted in response to requests for information regarding communications made in confidence with [a] spouse").

This privilege, which "protects information privately disclosed between husband and wife in the confidence of their marital relationship has been described by the United States Supreme Court as 'the best solace of human existence.'" *United States v. Venuti*, 1985 U.S. Dist. LEXIS 15759, at *10 (S.D.N.Y. Sep. 20, 1985). Indeed, "the marital communications privilege exists to promote marital harmony and stability by ensuring that spouses feel free to communicate their deepest feelings to each other without fear of eventual exposure in a court of law." *Teran v. Mutual Sec. Credit Union*, 2017 U.S. Dist. LEXIS 226321, at *11 (D. Conn. 2017) (Bryant, J.).

The marital communications privilege applies because: (1) there was a valid marriage at the time of the communication, (2) there are utterances or expressions intended by one spouse to convey a message to the other, and (3) the communications were made in confidence, which is presumed. *Teran*, 2017 U.S. Dist. LEXIS 226321, at *8. The Court should quash the subpoena.

   c. **The Subpoena is Not Proportional to the Needs of the Case.**

To be discoverable, information must be both relevant and proportional to the needs of the case. Even if the Court were to find that the subpoena seeks relevant

information, the Court should quash the subpoena because it is an extraordinary invasion of privacy that is overbroad and not proportional to the needs of the case. *See Scott*, 2021 U.S. Dist. LEXIS 109672, at *7 (granting motion to quash subpoena of cell phone records because the subpoena was not proportional to the needs of the case).

To determine whether discovery is proportional, the Court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Even if Plaintiff could establish some relevance, the requested cell phone records are not proportional. The subpoena covers all phone calls and text messages that Lieutenant Samson sent and received while going about his daily life. Indeed, "[a] reasonable person would not expect the numbers they dial on their personal cell phone to become public knowledge." *Clay v. Lambert*, 2017 U.S. Dist. LEXIS 174130, at *9 – *10 (D. Colo. 2017). This subpoena would allow Plaintiff to acquire the personal phone numbers of Lieutenant Samson's wife and family. This poses a safety and security concern not only for Lieutenant Samson personally, but for his loved ones.

Ultimately, the records are not important enough to justify this extraordinary invasion of privacy. *See Howard*, 2016 U.S. Dist. LEXIS 165799, at *10 ("the Court should not find that the cell phone records are important to resolving the issues");

*Oliver v. N.Y. State Police*, 2019 U.S. Dist. LEXIS 48593, at *13 (N.D.N.Y. 2019) (whether a thank you message was left on plaintiff's phone "was not proportionally relevant to anything in the case"). The subpoena "is grossly overbroad, not proportionate to the needs of the case and amounts to an unabashed fishing expedition." *Crescent City*, 2022 U.S. Dist. LEXIS 217295, at *10. The Court should quash the subpoena.

### d. The Court Should Quash the Subpoena Because it is Untimely.

Finally, the Court should quash the subpoena because it is untimely. Subpoenas "are subject to the same time constraints that apply to . . . the other methods of formal discovery." *GEOMC Co. v. Calmare Therapeutics, Inc.*, 2020 U.S. Dist. LEXIS 202603, at *13 (D. Conn. 2020) (Bolden, J.). Accordingly, "Rule 45 trial subpoenas [duces tecum] may not be used . . . as a means to engage in discovery after the discovery deadline has passed." *Dodson v. CBS Broad.*, 2005 U.S. Dist. LEXIS 30126, at *3 (S.D.N.Y. 2005) (collecting cases).

The subpoena is untimely because it was dated March 17, 2023—the last day of the discovery period. *See Polanco v. Deye*, 2012 U.S. Dist. LEXIS 6873, at *1 (E.D.N.Y. 2012) (finding that defendant's interrogatories were untimely because they were dated the day that fact discovery ended). A subpoena cannot be used to "circumvent the discovery schedule." *Alper v. United States*, 2000 U.S. Dist. LEXIS 416 at *2 (D. Mass. 2000). Indeed, "to allow a party to continue with formal discovery . . . whether in the guise of Rule 45, or any of the other discovery methods recognized by Rule 26(a)(5), after the discovery deadline unnecessarily lengths discovery process

and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial." *Alper*, 2000 U.S. Dist. LEXIS 416, at *8 – *9. *See also Bailey v. Komatsu Forklift U.S.A., Inc.*, 2008 U.S. Dist. LEXIS 51865, at *8 (N.D. Iowa 2008) (explaining the scheduling consequences of serving discovery on the last day of the discovery period).

This case has been pending since February 2021, and Lieutenant Samson filed an appearance in September 2021. The original discovery deadline was long—the deadline was October 17, 2022. Despite that lengthy discovery period, the deadline was extended twice. The discovery period was extended initially because Plaintiff waited until September 28, 2022 to commence discovery against the defendants; the deadline was extended again to allow the parties time to comply with the discovery requests. Although the parties recently agreed to extend the scheduling order a third time, that was for the limited purpose of conducting Lieutenant Samson's deposition (which had to be rescheduled)—and not to allow new discovery. (*See* ECF No. 89). Indeed, Plaintiff did not indicate in the motion for extension of time that he planned to serve a third-party subpoena. *Id.* The undersigned counsel for Lieutenant Samson should not have to review this discovery while trying to prepare a motion for summary judgment.

There is not good cause to extend the discovery period to accommodate this subpoena. "The good cause standard requires a particularized showing that the schedule cannot reasonably be met, despite the diligence of the party seeking the modification, for reasons that were not reasonably foreseeable when the parties

submitted their proposed case management plan." *See This, LLC v. Jaccard Corp.*, 2016 U.S. Dist. LEXIS 196414, at *3 (D. Conn. 2016) (Arterton, J.).

For good cause, "the primary consideration is whether the moving party can demonstrate diligence." *Id.* That is because "the good cause standard is intended not only to ensure fairness to both sides, but also to ensure that district courts can effectively manage their dockets and prevent undue delays in the disposition of cases." *In re GM LLC Ignition Switch Litig.*, 2016 U.S. Dist. LEXIS 63189, at *374 (S.D.N.Y. 2016). Plaintiff charted his own procedural course by waiting until September 28, 2022 to commence discovery in this matter, and by waiting until March 17, 2023 to serve the subpoena. *See Yan v. Zhou*, 2021 U.S. Dist. LEXIS 174707, at *9 (E.D.N.Y. 2021) (explaining that by delaying discovery, "the parties charted their own procedural course, to which they must abide"). The subpoena is untimely.

## II.   CONCLUSION

Lieutenant Samson respectfully requests that the Court quash this subpoena.

*Respectfully Submitted,*

DEFENDANT
Stephen Samson

WILLIAM TONG
ATTORNEY GENERAL

BY: /s/ *Dennis V. Mancini*
Dennis V. Mancini (ct30239)
Assistant Attorney General
State of Connecticut

Office of the Attorney General
110 Sherman Street
Hartford, CT 06105
dennis.mancini@ct.gov
Tel: (860) 808-5450
Fax: (860) 808-5591

**CERTIFICATION**

I hereby certify that on March 31, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

In addition, a copy was sent via fax to:

AT&T Global Legal Demand Center
11760 US Highway 1, Suite 300
North Palm Beach, FL 33408-3029
Fax: 888-938-4715

/s/ *Dennis V. Mancini*
Dennis V. Mancini (ct30239)
Assistant Attorney General